IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| KENNAIRE MATHIEU, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:19-CV-654-ALB |
| | ) | [WO] |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I. INTRODUCTION

Kennaire Mathieu ("Mathieu"), a federal inmate at the Maxwell Federal Prison Camp, filed this *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241 on July 25, 2019.[1] Doc. No. 1. Matthew challenges a judgment regarding his 2011 guilty plea convictions in the United States District Court for the Eastern District of Louisiana for conspiring to distribute controlled substances and possessing a firearm in furtherance of a drug trafficking crime.[2]  He claims that the court for the Eastern District of Louisiana

---

[1] Mathieu's petition was date-stamped as received by this court on September 9, 2019. Mathieu represents that he submitted the petition on July 25, 2019. (There is no self-evident explanation for the large difference in the two dates.)  Applying the prison mailbox rule, and no evidence to the contrary, this court deems the petition to be filed on July 25, 2019. *See Houston v. Lack*, 487 U.S. 266, 271–72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

[2] A review of the dockets from Mathieu's criminal case in the United States District Court for the Eastern District of Louisiana indicates that in June 2011, Mathieu pleaded guilty to conspiracy to possess with intent to distribute 1 kilogram or more of heroin and 500 grams or more of cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) & 846, and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). *See United States v. Mathieu*, Criminal Case No. 2:09cr391-SSV-ALC (E.D. La.).  In October 2011, Mathieu was sentenced to 120 months' imprisonment on the conspiracy count and 60 months' imprisonment on the § 924(c) count, to run consecutively.  Mathieu's direct appeal was dismissed by the Fifth Circuit as frivolous in July 2012.  In October 2017, Mathieu filed a 28 U.S.C. § 2255

lacked jurisdiction over his criminal case because Article III provided the court with no authority to hear his case. Doc. 1 at 1–2. In this regard, Mathieu asserts:

> [U]pon the enactment of [18 U.S.C.] § 924(c), [Congress] failed to enumerate and textualize the required authority requirements for accessing federal courts. "Congress has exceeded its authority by requiring the federal courts to exercise the judicial powers of the United States in a manner repugnant to the text, structure and traditions of Article III."

Doc. No. 1 at 2. According to Mathieu, the sentence he is currently serving "contravene[s] the protections of Article III's 'case of controversy' doctrine, which, of course, violates a party's rights to due process." *Id.* He maintains that he is entitled to immediate release from the five-year sentence imposed for the § 924(c) offense, which he says is the basis for his current incarceration.[3] *Id.* For the reasons that follow, the undersigned concludes this case should be dismissed for lack of jurisdiction.

## II.   DISCUSSION

Federal courts have "an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." *United States v. Jordan*, 915 F.2d 622, 624–25 (11th Cir. 1990). Although this action is brought as a habeas petition under 28 U.S.C. § 2241, the court must consider whether this action is properly styled as such, or if it is more appropriately considered as a motion to vacate under 28 U.S.C. § 2255.

---

motion in the district court challenging his convictions and sentence. The district court denied the § 2255 motion as lacking in merit in March 2018.

[3] Mathieu does not explain why he is not also incarcerated pursuant to the 120-month sentence imposed for his conspiracy conviction.

Section 2241 provides an avenue for challenges to matters such as the administration of parole, prison disciplinary actions, prison transfers, and certain types of detention. *See, e.g., Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1351–52 (11th Cir. 2008) (petition challenging decision of federal Parole Commission is properly brought under § 2241); *Bishop v. Reno,* 210 F.3d 1295, 1304 n.14 (11th Cir. 2000) (petition challenging Bureau of Prisons' administration of service credits, including calculation, awarding, and withholding involves execution rather than imposition of sentence and thus is a matter for habeas corpus). For purposes of venue, petitions properly filed under § 2241 must be brought in the district in which the petitioner is incarcerated. *Rumsfeld v. Padilla*, 542 U.S. 426, 442–43 (2004).

In contrast, 28 U.S.C. § 2255(a) states:

> A prisoner in custody under sentence of a court established by an Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence* to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a) (emphasis added). For actions properly considered under § 2255, venue and jurisdiction lie only in the district of conviction. 28 U.S.C. § 2255(a).

Mathieu's self-described habeas petition challenges the validity of his federal conviction and sentence. Generally, a federal prisoner must bring any collateral attack on the legality of his conviction or sentence through a motion to vacate under § 2255 rather than a petition for writ of habeas corpus under § 2241. *See McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1081 (11th Cir. 2017); *Venta v. Warden, FCC*

*Coleman-Low*, 2017 WL 4280936, at *1 (11th Cir. 2017). A petitioner challenging the legality of his federal detention may do so under § 2241 *only* if he shows that § 2255 would be an "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255(e) (the so-called "saving clause"); *see also Johnson v. Warden*, 737 F. App'x 989, 990–91 (11th Cir. 2018).

Mathieu's claims challenging his conviction and sentence fall squarely within the realm of injuries that § 2255 addresses. When a federal prisoner brings "a traditional claim attacking his [conviction or] sentence that he could have brought in a [§ 2255] motion to vacate, the remedy by [such] motion is adequate and effective to test the legality of his detention. . . . Allowing a prisoner with a claim that is cognizable in a [§ 2255] motion to vacate to access [§ 2241] nullifies the procedural hurdles of section 2255 and undermines the venue provisions." *McCarthan*, 851 F.3d at 1090. Thus, regardless of the label Mathieu has placed on his pleadings, his petition challenging his conviction and sentence must be construed as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.[4]

Section 2255 remains Mathieu's exclusive remedy to bring his challenge to his conviction and sentence. Because he challenges a judgment entered in the United States

---

[4] In an order entered on September 11, 2019 (Doc. No. 2), this court informed Mathieu that the claims in his self-styled § 2241 habeas petition were properly presented in a 28 U.S.C. § 2255 motion, in the court of conviction. In accordance with *Castro v. United States*, 540 U.S. 375 (2003), this court notified Mathieu of its intention to treat his petition as a § 2255 motion, which would be subject to any procedural limitations for § 2255 motions, and directed him to advise the court whether he wished to proceed on his claims under § 2255, to amend his construed § 2255 motion to assert additional claims under § 2255, or to withdraw his construed § 2255 motion. This court's "Castro Order" also advised Mathieu that if he failed to file a response in compliance with the order's directives, the case would proceed as an action under 28 U.S.C. § 2255, with the court considering only those claims in the construed § 2255 motion. Mathieu failed to file a response to the Castro Order.

District Court for the Eastern District of Louisiana, jurisdiction to consider a § 2255 motion would lie only with that court. *See* 28 U.S.C. § 2255(a).  This court, which sits in the Middle District of Alabama, lacks jurisdiction to consider a § 2255 motion challenging a conviction entered by the court for the Eastern District of Louisiana.

Under 28 U.S.C. § 1631, a court that finds it lacks jurisdiction to entertain a civil action may, if it is in the interest of justice, transfer such action to any other court in which the action could have been brought when it was filed.  However, a § 1631 transfer to the Eastern District of Louisiana would be futile in this case because AEDPA requires that a prisoner seek authorization to file a successive § 2255 motion in the court of appeals *"[b]efore* [such motion] is filed in the district court." 28 U.S.C. § 2244(b)(3)(A) (emphasis added); *see also id*. § 2255(h).  The Eleventh Circuit has observed that this language in § 2244(b)(3)(A) may prohibit a § 1631 transfer of a successive application for collateral review. *See Guenther v. Holt*, 173 F.3d 1328, 1330 n.4 (11th Cir. 1999) (noting, in a case involving a successive 28 U.S.C. § 2254 habeas petition, that "there are concerns relating to the application of the plain language in 28 U.S.C. § 2244(b)(3)(A) requiring an applicant to move in the court of appeals *'[b]efore* a second or successive application [for a writ of habeas corpus] is filed in the district court'"). In October 2017, Mathieu filed a § 2255 motion in the court for the Eastern District of Louisiana (the court of conviction) challenging the same conviction and sentence he challenges in the instant proceeding.  In March 2018, that court denied Mathieu's § 2255 motion as without merit. Mathieu presents no evidence that, before filing the instant action in this court, he obtained permission from

the appropriate appellate court to file a successive § 2255 motion attacking his conviction and sentence.

This court lacks jurisdiction to consider Mathieu's successive § 2255 motion, and a transfer to the court of conviction, the Eastern District of Louisiana, would be futile where Mathieu has not obtained permission to file a successive § 2255 motion. Under the circumstances, this court finds that the interest of justice does not warrant a § 1631 transfer to the United States District Court for the Eastern District of Louisiana and that dismissal of this action is proper.

### III.   CONCLUSION

Accordingly it is the RECOMMENDATION of the Magistrate Judge that Mathieu's petition, construed as a § 2255 motion, be DISMISSED, because this court is without jurisdiction to consider his challenge to his conviction and sentence entered by the United States District Court for the Eastern District of Louisiana and the interest of justice does not warrant a § 1631 transfer to that court.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before **October 25, 2019**.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party

6

to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 11th day of October, 2019.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
CHIEF UNITED STATES MAGISTRATE JUDGE